UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ALI EDWARDS,

Petitioner,

vs.

J.F. BELLNIER, Superintendent, Upstate Correctional Facility,

Respondent.

-----------------------------------------------------------X

**09 Civ. 1508 (VB)(PED)**

**REPORT AND RECOMMENDATION**

**TO: THE HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE**

Petitioner Ali Edwards ("Petitioner"), appearing pro se and incarcerated at the Bare Hill Correctional Facility, brings the instant habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his August 14, 2005 conviction from the New York State Supreme Court, Westchester County. See Habeas Petition ("Pet.") ¶¶ 2-3.[1] Petitioner stands convicted of one count of attempted robbery in the second degree pursuant to N.Y. Penal Law §§ 110 and 160.10. Petitioner was sentenced, as a second violent felony offender, to a determinate term of imprisonment of seven years. Petitioner is currently serving that sentence.

Petitioner seeks habeas relief on four (4) separate grounds:

(1) that the conviction was not proven beyond a reasonable doubt, was not supported by sufficient evidence, and was against the weight of the evidence;

---

[1] In his petition, Petitioner states that the date of judgment of conviction was June 14, 2005, the date on which the jury returned its verdict. Pet. ¶ 3. However, Petitioner's conviction did not become final until the trial judge imposed a sentence on August 14, 2005. See Burton v. Stewart, 549 U.S. 147, 156 (U.S. 2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment.").

    (2) that the trial court erroneously admitted into evidence a knife and ski mask taken from his person by police following the attempted robbery;

(3) that the prosecution's summation relied upon statements from an unsworn witness and "improperly appealed to the community's sense of justice and vengeance"; and

(4) that Petitioner received an excessive sentence.

Pet. ¶ 13.

For the reasons set forth below, I conclude, and respectfully recommend that Your Honor should conclude, that this petition for a writ of habeas corpus should be **DENIED**.

# I. BACKGROUND[2]

## A. The Crime

The charges against Petitioner stem from an incident that took place on August 28, 2004 in Peekskill, New York. During the mid-afternoon, Petitioner entered a stationary store, walked up to the counter, and demanded that the owner open the safe and cash register. During the confrontation, Petitioner threatened to shoot the store owner and his daughter, and made numerous motions to his pocket, implying that he was reaching for a gun. At some point, the store owner's daughter triggered the store's silent alarm, which alerted police to the situation. When police arrived, Petitioner was still at the counter of the store, at which point he was placed under arrest. Police conducted a "pat down" of the Petitioner, and discovered that he was carrying a kitchen knife and a black ski mask in his back pockets.

## B. The Trial

Petitioner was indicted on the charges of attempted robbery in the first degree, attempted robbery in the second degree, and two counts of menacing in the second degree. Prior to trial,

[2] Because Petitioner raises a sufficiency challenge, I present "the evidence in the light most favorable to the prosecution." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

and with the assistance of counsel, Petitioner filed a motion in which he sought, inter alia, suppression of the knife and ski mask recovered during the "pat down." After the trial court denied Petitioner's motion to suppress, his counsel filed a motion in limine in which he once again sought to preclude introduction of the knife and ski mask at trial. Once again, the trial court denied Petitioner's motion.

At the conclusion of trial, Petitioner's counsel moved to dismiss both of the attempted robbery counts. The trial court granted Petitioner's motion to dismiss the count of attempted robbery in the first degree, but denied the motion as to the count of attempted robbery in the second degree. On June 14, 2005, the jury returned a verdict finding petitioner guilty of attempted robbery in the second degree.

Prior to sentencing, Petitioner filed a motion to set aside the verdict pursuant to CPL § 330.30 on the basis of insufficient evidence and erroneous admission of the kitchen knife and ski mask. On August 10, 2005, the court denied Petitioner's motion and sentenced him as noted above.

## C. Post-Trial Proceedings

### 1. State Court Proceedings

Petitioner filed a timely appeal in the New York Supreme Court's Appellate Division, Second Department ("Appellate Division"), advancing the same arguments he now asserts before this Court, namely: (1) insufficient evidence, (2) erroneous admission of evidence, (3) errors in the prosecution's summation, and (4) excessive sentence. On September 25, 2007, the Appellate Division unanimously affirmed the judgment of conviction and sentence. People v. Edwards, 843 N.Y.S.2d 148 (N.Y. App. Div. 2d Dep't 2007). In so holding, the Appellate Division stated that "defendant's contention that certain comments made by the People during summation

deprived him of a fair trial" and his "challenge to the legal sufficiency of the evidence" are "unpreserved for appellate review." Id. at 148-49. The New York Court of Appeals denied leave to appeal on March 27, 2008, People v. Edwards, 886 N.E.2d 809 (N.Y. 2008), and Petitioner did not seek a writ of certiorari to the United States Supreme Court.

**2. Federal Court Proceedings**

Petitioner timely filed the instant habeas petition in this Court on or around February 19, 2009. Docket # 1 (Habeas Petition). In the petition, Petitioner asserts the following grounds for relief:

(1) that the conviction was not proven beyond a reasonable doubt, was not supported by sufficient evidence, and was against the weight of the evidence;

(2) that the trial court erroneously admitted into evidence a knife and ski mask taken from his person by police following the attempted robbery;

(3) that the prosecution's summation relied upon statements from an unsworn witness and "improperly appealed to the community's sense of justice and vengeance"; and

(4) that Petitioner received an excessive sentence.

Pet. ¶ 13. Respondent filed a response to the petition on April 28, 2009, arguing (a) that Petitioner's sufficiency challenge and his claims of error in the People's summation are procedurally barred and fail on the merits; (b) that admission of the knife and ski mask into evidence was not contrary to or an objectively unreasonable application of clearly established Supreme Court precedent; and (c) that Petitioner's excessive sentence claim does not state a basis for federal habeas relief. Docket # 8 (Memorandum of Law in Opposition to Habeas Petition ("Opp'n Memo.")). Petitioner has not submitted any reply.[3]

---

[3] On May 6, 2009, Petitioner submitted what he styled a "Motion to Dismiss," seeking in effect a [continued on following page]

## II. DISCUSSION

### A. Applicable Law

"Habeas review is an extraordinary remedy." Bousley v. United States, 523 U.S. 614, 621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)). Before a federal district court may review the merits of a state criminal judgment in a habeas corpus action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254. If there has been procedural compliance with these statutes, the court must then determine the appropriate standard of review applicable to the petitioner's claim(s) in accordance with § 2254(d). The procedural and substantive standards applicable to habeas review, which were substantially modified by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are summarized below.

#### 1. Timeliness Requirement

A federal habeas corpus petition is subject to AEDPA's strict, one-year statute of limitations. See 28 U.S.C. § 2244(d). The statute provides four different potential starting points for the limitations period, and specifies that the latest of these shall apply. See id. § 2244(d)(1). Under the statute, the limitation period is tolled only during the pendency of a properly filed application for State post-conviction relief, or other collateral review, with respect to the judgment to be challenged by the petition. See id. § 2244(d)(2). The statute reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[continued from previous page]

default judgment based on his contention that Respondent had not timely responded to the Petition. Docket # 10. At a subsequent conference held on May 15, 2009, Petitioner agreed to withdraw the motion after acknowledging receipt of Respondent's response.

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The one-year limitation period is subject to equitable tolling, which is warranted when a petitioner has shown "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2262 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In the Second Circuit, equitable tolling is confined to "rare and exceptional circumstance[s]," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (internal quotation omitted), which have "prevented [the petitioner] from filing his petition on time," Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (internal quotation marks and emphasis omitted). The applicant for equitable tolling must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing – a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde, 224 F.3d at 134.

2. Exhaustion Requirement

A federal court may not grant habeas relief unless the petitioner has first exhausted his claims in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see 28 U.S.C. § 2254(b)(1) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant"); id. § 2254(c) (the petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented"). The exhaustion requirement promotes interests in comity and federalism by demanding that state courts have the first opportunity to decide a petitioner's claims. Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

To exhaust a federal claim, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim," and thus "giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). "Because non-constitutional claims are not cognizable in federal habeas corpus proceedings, a habeas petition must put state courts on notice that they are to decide federal constitutional claims." Petrucelli v. Coombe, 735 F.2d 684, 687 (2d Cir. 1984) (citing Smith v. Phillips, 455 U.S. 209, 221 (1982)). Such notice requires that the petitioner "apprise the highest state court of both the factual and legal premises of the federal claims ultimately asserted in the habeas petition."

Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005) (internal citation omitted). A claim may be "fairly presented" to the state courts therefore, even if the petitioner has not cited "chapter and verse of the Constitution," in one of several ways:

> (a) [R]eliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 194 (2d Cir. 1982). A habeas petitioner who fails to meet a state's requirements to exhaust a claim will be barred from asserting that claim in federal court, absent a showing of cause and prejudice, or a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

However, "[f]or exhaustion purposes, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) (internal quotation omitted). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991). Such a procedurally barred claim may be deemed exhausted by a federal habeas court. See, e.g., Reyes, 118 F.3d at 139. However, absent a showing of either "cause for the procedural default and prejudice attributable thereto," Harris v. Reed, 489 U.S. 255, 262 (1989), or "actual innocence," Schlup v. Delo, 513 U.S. 298 (1995)), the petitioner's claim will remain unreviewable by a federal court.

Finally, notwithstanding the procedure described above, a federal court may yet exercise its discretion to review and deny a mixed petition containing both exhausted and unexhausted claims, if those unexhausted claims are "plainly meritless." Rhines v. Weber, 544 U.S. 269, 277

(2005); see 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Padilla v. Keane, 331 F. Supp.2d 209, 216 (S.D.N.Y. 2004) (interests in judicial economy warrant the dismissal of meritless, unexhausted claims).

3. Procedural Default

Even where an exhausted and timely habeas claim is raised, comity and federalism demand that a federal court abstain from its review when the last-reasoned state court opinion to address the claim relied upon "an adequate and independent finding of a procedural default" to deny it. Harris, 489 U.S. at 262; see also Coleman v. Thompson, 501 U.S. 722, 730 (1991); Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995).

A state court decision will be "independent" when it "'fairly appears" to rest primarily on state law. Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006) (citing Colman, 501 U.S. at 740). A decision will be "adequate" if it is "'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

4. AEDPA Standard of Review

Before a federal court can determine whether a petitioner is entitled to federal habeas relief, the court must determine the proper standard of review under AEDPA for each of the petitioner's claims. 28 U.S.C. § 2254(d)(1)-(2). This statute "modifie[d] the role of federal habeas corpus courts in reviewing petitions filed by state prisoners," and imposed a more exacting standard of review. Williams v. Taylor, 529 U.S. 362, 402 (2000). For petitions filed

after AEDPA became effective, federal courts must apply the following standard to cases in which the state court adjudicated on the merits of the claim:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The deferential AEDPA standard of review will be triggered when the state court has both adjudicated the federal claim "on the merits," and reduced its disposition to judgment. Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001).

Under the first prong, a state court decision is contrary to federal law only if it "arrives at a conclusion opposite to that reached by the [the Supreme Court] on a question of law or if [it] decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A decision involves an "unreasonable application" of Supreme Court precedent if the state court "identifies the correct governing legal rule from the Supreme Court cases but unreasonably applies it to the facts of the particular state prisoner's case," or if it "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407.

Under the second prong of AEDPA, the factual findings of state courts are presumed to be correct. 28 U.S.C. § 2254(e)(1); see Nelson v. Walker, 121 F.3d 828, 833 (2d Cir. 1997).

The petitioner must rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### D.  Legal Insufficiency Claim / Alleged Errors in People's Summation

Petitioner argues that he is entitled to habeas relief because his conviction was not supported by proof of guilt beyond a reasonable doubt, and because the People committed errors in connection with their summation.

Although the Appellate Division addressed the merits of these arguments on direct appeal, it did so only after expressly stating that both of the claims were "unpreserved for appellate review" pursuant to CPL § 470.05(2). Edwards, 843 N.Y.S.2d at 148-49. Section 470.05(2) is referred to as New York's "contemporaneous objection" or "preservation" rule. That rule requires defense counsel to make a contemporaneous objection to any alleged legal error committed during a criminal trial. CPL § 470.05(2). The Second Circuit has consistently found that failure to comply with New York's preservation rule constitutes an independent and adequate state ground that may preclude federal habeas review. See, e.g., Brown v. Ercole, 353 Fed. Appx. 518, 520 (2d Cir. Nov. 16, 2009); Garcia v. Lewis, 188 F.3d 71, 77-78 (2d Cir. 1999). Moreover, "when a state court says [as here] that a claim is 'not preserved for appellate review' but then rules 'in any event' on the merits, such a claim is procedurally defaulted." Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005).

Therefore, when the Appellate Division rejected Petitioner's sufficiency and summation arguments on the basis of CPL § 470.05(2) – i.e., when it concluded that Petitioner's counsel did not make a contemporaneous objection at trial – that decision rested "on a state law ground that is independent of the federal question and adequate to support the judgment." Beard, 130 S.Ct. at 614. As such, this Court is precluded from conducting a habeas review of those claims unless

Petitioner is able to demonstrate cause and prejudice for his procedural default. Coleman, 501 U.S. at 749-50. Because Petitioner has made no attempt to make any such showing, his claims based upon insufficiency of the evidence and alleged summation errors should be dismissed. Brown, 353 Fed. Appx. at 520.

**E. Admission of Kitchen Knife and Ski Mask**

Petitioner next argues that he was denied due process when the trial court admitted the kitchen knife and ski mask into evidence. Specifically, Petitioner argues that the kitchen knife and ski mask are irrelevant to the charges against him, and that their admission into evidence was prejudicial because Petitioner did not use either of those items in committing the crimes for which he was charged. Respondent takes the position that the kitchen knife and ski mask are relevant because they demonstrate "that petitioner had come prepared to use such force as was necessary accomplish his intended robbery and to disguise his appearance in order to elude detection and capture." Opp'n Memo., at 11. Because the Court cannot perceive any constitutional infirmity in the admission of the kitchen knife and ski mask, I recommend that this claim should be dismissed.

"Incorrect state court evidentiary rulings generally do not rise to the level of constitutional error sufficient to warrant habeas relief." Cordon v. Grenier, 00 Civ. 8927 (WK), 2001 U.S. Dist. LEXIS 9355, *14 (S.D.N.Y. July 11, 2001) (citing Dunnigan v. Keane, 137 F.3d 117, 130 (2d Cir. 1998)).[4] In reviewing a habeas claim based upon such an alleged evidentiary error, the Court must first determine whether the state court violated a state evidentiary rule "because the proper application of a presumptively constitutional state evidentiary rule could not be unconstitutional." Osorio v. Conway, 496 F. Supp. 2d 285, 299 (S.D.N.Y. 2007). In order to

[4] Copies of unreported cases cited herein are being mailed to Petitioner. See Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

obtain habeas relief on the basis of a state evidentiary error, however, it is not enough for Petitioner to simply demonstrate the existence of a state law evidentiary error. Petitioner must also show that the evidence at issue was "so extremely unfair" that its admission constituted a due process violation. Dowling v. United States, 493 U.S. 342, 352 (1990).

"It is well settled that evidence is relevant if it has any 'tendency in reason to prove any material fact.' All relevant evidence is, moreover, admissible at trial unless barred by some exclusionary rule." People v. Mateo, 2 N.Y.3d 383, 424 (N.Y. 2004) (internal citation omitted). Notwithstanding this broad relevancy standard, New York State courts have discretion to exclude relevant evidence if its probative value substantially outweighs the potential for prejudice. See id. New York courts are afforded this discretion because "[t]he introduction of unfairly prejudicial evidence against a defendant in a criminal trial is contrary to both [New York] state law and federal law." Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998); see also People v. McKinney, 24 N.Y.2d 180, 184 (N.Y. 1969).

Here, the Court cannot conclude that admission of the kitchen knife and ski mask into evidence constituted an error under state law, let alone a due process violation. Although Petitioner asserts that the trial court abused its discretion by failing to exclude the kitchen knife and ski mask from evidence, the Appellate Division concluded that "the County Court properly exercised its discretion in concluding that the potential for prejudice did not substantially outweigh the probative value of the evidence." Edwards, 843 N.Y.S.2d at 148. Petitioner has pointed to no authority demonstrating that this ruling was erroneous under state law or that it violated the United States Constitution,[5] and this Court can perceive no reason to upset the

---

[5] Petitioner points to no cases in support of his claim of a due process violation, and only one case in support of his claim of evidentiary error. See Pet., Ex. 2 (Appellate Brief, at 31) (citing

[continued on following page]

Appellate Division's ruling. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); see also Roberts v. Scully, 875 F. Supp. 182, 198 (S.D.N.Y. 1993) ("[R]ulings by the state trial court on evidentiary questions are a matter of state law and pose no constitutional issue."), aff'd, 71 F.3d 406 (2d Cir. 1995). Indeed, even if an error of state law occurred in connection with the kitchen knife and ski mask – and the Court can perceive none – Petitioner still would not be entitled to habeas relief because admission of those items was not "so extremely unfair" that their admission rose to the level of a due process violation. Dowling, 493 U.S. at 352.

**F. Excessive Sentence Claim**

Finally, Petitioner asserts that he is entitled to habeas relief on the basis that he received an excessive sentence. This claim cannot form the basis for federal habeas relief, as Petitioner concedes that his sentence was within the range of sentences permitted under New York law. See Pet., Ex. 2 (Appellate Brief, at 38) ("Edwards was sentenced to the maximum permitted sentence."). It is well-settled that an excessive sentence claim is not cognizable on federal habeas review where the sentence complies with state law. White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). As such, Petitioner's excessive claim must be dismissed.

---

[continued from previous page]

People v. Sims, 618 N.Y.S.2d 283 (N.Y. App. Div. 1st Dep't 1994)). Although the Sims court concluded that it was error for the trial court to admit into evidence a knife recovered from the defendant when he was arrested, that ruling turned upon a finding that the knife in question "did not tend to establish defendant's intention to commit a robbery." Sims, 618 N.Y.S.2d at 284. Sims is distinguishable from the case at bar, as the kitchen knife and ski mask recovered from Petitioner here were introduced for the very purpose of establishing his intention to commit a robbery, and those items were admissible into evidence for that purpose. See Mateo, 2 N.Y.3d at 424.

## III. Conclusion

For the reasons set forth above, I respectfully recommend that Petitioner's habeas petition be **DENIED** in its entirety.

## IV. Notice

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) working days, from the date hereof to file written objections to this Report and Recommendation. Fed. R. Civ. P. 6(a). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Vincent L. Briccetti, at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Briccetti.

Dated: July 6, 2011
White Plains, N.Y.

Respectfully submitted,

PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE

Copies of this Report and Recommendation mailed to:

Hon. Vincent L. Briccetti
United States District Court for the
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

John James Sergi
Westchester County District Attorney
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, NY 10552

Ali Edwards
DIN# 05-A-4242
Bare Hill Correctional Facility
Caller Box 20
181 Brand Road
Malone, NY 12953