```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ALI EDWARDS,                                   :
                        Petitioner,            :
                                               :       ORDER ADOPTING REPORT
                                               :       AND RECOMMENDATION
v.                                             :
                                               :       09 CV 1508 (VB)
J.F. BELLNIER                                  :
                        Respondent.            :
----------------------------------------------------------------x
```

Briccetti, J.:

      Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated July 6, 2011 (Doc. #14), on Ali Edwards's petition for a writ of habeas corpus. Judge Davison recommended the Court deny the petition. The Court presumes familiarity with the factual and procedural background of this case. For the following reasons, the Court adopts the R&R as the opinion of the Court, and denies the petition for a writ of habeas corpus.

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within 14 days after being served with a copy of the recommended disposition. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1).

      Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a <u>de novo</u> review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of a report and recommendation to which no timely objections

1

have been made, provided no clear error is apparent from the face of the record.  Lewis v. Zon, 573 F.Supp.2d 804, 811 (S.D.N.Y. 2008); Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y.1985).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

     The objections of parties appearing pro se are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest."  Milano v. Astrue, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008).[1]  "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."  Pinkney v. Progressive Home Health Servs., 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quotation omitted).

     Petitioner does not object to Judge Davison's decisions on the merits.  Instead, petitioner states that he was incompetent to stand trial for reasons of insanity, a claim he raises for the first time.  Thus, the Court reviews the R&R for clear error.  Pinkney v. Progressive Home Health Servs., 2008 WL 2811816, at *1.

     The Court has reviewed Judge Davison's thorough and well-reasoned R&R and finds no clear error.

---

[1] Petitioner will be provided with copies of all unpublished opinions cited in this ruling.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

## CONCLUSION

Accordingly, the Court adopts the R&R in its entirety.  The petition for a writ of habeas corpus is DENIED.  The Clerk is requested to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

Dated: December 28, 2011
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge